Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208) 724-2617
F: (208) 906-8663
chd@fergusondurham.com
ISB No. 6428

Attorney for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENDRICK DEWAYNE ROBINSON,<br><br>   Petitioner,<br><br>v.<br><br>JOSH TEWALT, Director of the Idaho Department of Correction,<br><br>   Respondent. | Case No. 1:24-cv-614<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**28 U.S.C. § 2254** |

The state of Idaho is holding Kendrick Dewayne Robinson in violation of the United States Constitution. He seeks a writ of habeas corpus from this Court directing Respondent to release him from custody if the constitutional error is not corrected within a reasonable time.

1

## JURISDICTION

1. The Court has jurisdiction under Art. I, sec. 9, cl. 2 of the United States Constitution, 28 U.S.C. § 2241, and 28 U.S.C. § 2254.

## PARTIES

2. Kendrick Robinson is currently held at the Saguaro Correctional Center in Eloy, Arizona, in the legal custody of the Idaho Department of Correction based on a May 4, 2021 Judgment of Conviction from the Fifth Judicial District in the state of Idaho. Exhibit A. The Honorable Roger B. Harris sentenced Mr. Robinson to 30 years in prison, with the first 10 years fixed, for trafficking in methamphetamine. Judge Harris also imposed a $25,000 fine. *Id*.

3. Respondent Josh Tewalt is the Director of the Idaho Department of Correction and is the Idaho official responsible for Mr. Robinson's custody. *See, e.g.*, *Ziegler v. Washington*, 2010 WL 2331030, at *1 (W.D. Wash. June 10, 2010) (holding that the proper respondent in a habeas action brought by a prisoner housed out of state is the sentencing state's director of corrections).

## BACKGROUND[1]

4.  On October 24, 2019, law enforcement stopped Kendrick Robinson for speeding as he was driving southbound in a car with Nevada plates through Twin Falls County.

5.  Robinson was the driver and the single occupant of the car.

6.  The officer who pulled Robinson over, Officer Boyd, would later claim that when Robinson rolled down the window, he could smell a "faint" odor of burned marijuana, which "dissipated in the wind."

7.  Boyd did not ask about the marijuana and instead requested that Robinson give him his driver's license, insurance, and proof of registration. He also asked him about his travel plans.

8.  Robinson told Boyd that the car was a rental and that he was traveling from the state of Washington to visit his brother in Las Vegas. He then explained that he was from California and visiting family in Washington. Robinson did not provide rental paperwork to Boyd.

---

[1] The background facts are drawn primarily from the Idaho state appellate court opinion and lodgings in the state court record. *See Robinson v. State*, 2024 WL 3372494 (Idaho Ct. App. 2024). They are provided in summary form to support the claims for relief. They are not intended to be a full recitation of all relevant facts in the case.

9. Boyd claimed that he became suspicious of criminal activity based on the marijuana odor, the lack of luggage beyond a duffel bag, multiple energy drinks and food wrappers, and what he believed was an odd itinerary.

10. He called for a drug dog.

11. About 30 minutes after the initial stop, Officer Baisch and his drug-sniffing K-9 arrived.

12. Robinson was ordered out of the car.

13. K-9 Officer Baisch did not smell marijuana at any time during his search with his dog.

14. Nevertheless, the dog alerted on the car. Officer Boyd asked Robinson why a drug dog would alert, to which Robinson responded he did not know because he did not have any drugs in the car.

15. Boyd patted Robinson down. He found a little over $8,000 in cash on his person. Robinson told the officers that he had just been to the bank and took a bunch of cash because he was going to gamble.

16. Based on the dog's alert, officers searched the car. They found a significant amount of methamphetamine in a shoe box in the back seat. No marijuana or related paraphernalia was found.

17. The State charged Robinson with one count of trafficking in methamphetamine, which, because of the quantity, carried a 10-year mandatory minimum sentence.

18. Robinson retained Doug Nelson to represent him as his counsel.

19. Nelson filed a motion to suppress, claiming that Robinson's Fourth Amendment rights were violated.

20. The court denied the motion after holding an evidentiary hearing.

21. The court concluded that Robinson lacked standing to challenge the search because he produced no evidence showing that he had authorization to drive the rental car. The court alternatively found that Officer Boyd had reasonable suspicion to extend the traffic stop to investigate drug activity. This finding relied, in part, on Officer Boyd's claim that he sensed a faint whiff of burned marijuana when Robinson rolled the window down, in addition to other factors.

22. The case proceeded to a jury trial.

23. The State's theory was that Robinson was a drug "mule," ferrying drugs through Idaho.

24. Robinson testified in his own defense. He claimed that he was traveling after visiting family in a car that his brother had rented to visit his brother in Las Vegas. He was unaware that there were drugs in the car. He explained the cash on him by

5

testifying that he had withdrawn that money to use for gambling. His counsel did not present any evidence to corroborate these claims, though it existed.

25. The jury found Robinson guilty as charged.

26. The district court sentenced him to 30 years in prison, with a mandatory minimum of 10 years before he would be parole eligible.

27. On appeal, Robinson's appointed counsel challenged only the length of the indeterminate portion of Robinson's sentence.

28. On January 22, 2022, the Idaho Court of Appeals affirmed in an unpublished opinion. Exhibit B.

29. On August 31, 2022, Robinson filed a post-conviction petition, alleging ineffective assistance of trial counsel.

30. Robinson claimed that his trial counsel was ineffective in handling the motion to suppress because counsel (1) did not present evidence that Robinson had authorization from his brother, who rented the car, to drive the car, and (2) failed to offer testimony from Officer Baisch that he did not smell marijuana, contrary to Officer Boyd's claims, or present other evidence that would have undermined Officer's Boyd's suspicious claim.

31. Robinson further alleged that his counsel was ineffective at his jury trial because he failed to produce evidence that would have corroborated his testimony about visiting family, authorization to drive the rental car, and the withdrawal of

gambling money from his bank account, and to show that some of the State's claims of suspicious activity were innocently explained.

32. Robinson also alleged that he was deprived of his right to the effective assistance of counsel on direct appeal because his appellate counsel did not argue that the State should not have been permitted to use Exhibits 22-24 (Facebook pages) at trial because it had not disclosed those records in discovery.

33. The State filed a motion for summary disposition. After hearing oral argument, the district court granted the State's motion.

34. On appeal from that decision, Robinson argued that the district court erred in granting the State's motion for summary disposition because he had raised issues of material fact as to counsel's ineffectiveness at the jury trial in failing to investigate and present evidence that would have corroborated Robinson's defense and undermined the State's theory.

35. The Idaho Court of Appeals affirmed. Exhibit C.

36. On July 30, 2024, the Idaho Supreme Court denied reviewed and issued its remittitur. Exhibit D.

37. This petition is timely. Robinson filed it within one year of the date that his judgment became final by the conclusion of direct review, after tolling of the limitations period during the post-conviction matter. 28 U.S.C. § 2244(d)(1)(A),(d)(2).

## CLAIMS FOR RELIEF

### I.

### Ineffective Assistance of Counsel – Suppression Hearing

**Kendrick Robinson was deprived of his Sixth Amendment right to the effective assistance of trial counsel because his counsel unreasonably failed to investigate and present evidence in support of the suppression motion that would have (a) established Robinson's standing to challenge the search of the car he was driving, and (b) would have impeached Officer Boyd's claim that he could smell marijuana.**

38. Robinson had a right to the effective assistance of counsel under the Sixth Amendment, incorporated by the Fourteenth Amendment.

39. That right extends to counsel's investigation and handling of suppression issues.

40. A defendant has been deprived of that right when his trial counsel's performance (1) fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome would have been different.

41. The district court denied Robinson's motion to suppress, first concluding that he lacked standing to challenge the search because he had failed to show that he was authorized to drive the car and therefore would have a reasonable expectation of privacy in it.

42. Robinson's brother had rented the car and had authorized Robinson to drive it.

43. Evidence proving that fact, including from the rental car agreement or Robinson's brother's testimony, was readily available to counsel.

44. Yet he failed to investigate the issue or use that evidence.

45. That failure fell below an objective standard of reasonable representation.

46. Similarly, counsel failed to investigate evidence that would have impeached Officer Boyd's testimony that he could smell a faint odor of marijuana.

47. Such evidence included the testimony of the other officer on the scene, Baisch, who would have testified that he did not smell marijuana. Evidence also existed that Robinson did not smoke marijuana, that the rental car agency did not charge him a cleaning fee for a smoker, and that Robinson asked for a drug test upon his arrest.

48. The district court relied on Officer Boyd's scent of marijuana as one of the factors that supported reasonable suspicion to extend the stop.

49. The other factors, by themselves, were explainable as typical behavior that is just as likely from someone who is not engaged in criminal activity.

50. Moreover, had Officer Boyd been impeached on his incredible "faint smell of marijuana" claim, his credibility as to his other suspicions would have also been called into doubt.

51. Trial counsel's failure to investigate or present this evidence was objectively unreasonable.

52. There was no tactical or strategic reason for counsel to fail to investigate these matters.

53. Robinson was also prejudiced.

54. Had counsel conducted a reasonable investigation and presented this evidence, there is a reasonable probability that the district court would have found standing and would have granted the motion to suppress.

55. If the State raises the affirmative defense of procedural default as to this claim, Robinson will be able show an exception to the doctrine of procedural default.

56. If this claim is subject to AEDPA standards, the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established law. 28 U.S.C. § 2254(d)(1). It was also based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2).

57. The error was not harmless.

## II.

### Ineffective Assistance of Counsel – Trial

**Mr. Robinson was deprived of his Sixth Amendment right to the effective assistance of trial counsel because his counsel unreasonably failed to investigate and present evidence at trial to corroborate his testimony and support his defense regarding the**

**only contested yet essential element of the charge – whether he knew that methamphetamine was in the rental car.**

58. Robinson had a Sixth Amendment right to the effective assistance of counsel at his criminal trial.

59. The test is the same as Claim I: Robinson must show that his trial counsel's performance (1) fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome would have been different.

60. Robinson contends that he was deprived of the effective assistance of counsel at his trial because his counsel failed to investigate and present evidence to show: (a) that Robinson's brother authorized him to drive the rental car; (b) that Robinson was speaking to a friend when he was pulled over (to rebut the implication that he was talking to a drug connection); (c) that Robinson had actually withdrawn money from his bank account as he claimed; and (d) that he had casino cards, which would support that he was headed to Las Vegas to gamble.

61. Trial counsel failed to investigate these matters before trial.

62. When the only issue at trial was whether Robinson was aware of the methamphetamine that was in his car, and Robinson so testified, trial counsel's failure to investigate and present evidence that corroborated his defense was objectively unreasonable.

63. Counsel had no tactical or strategic reason for failing to investigate this evidence. If he did decide not to present any of the evidence, his decision was not objectively reasonable.

64. Robinson was prejudiced. Had trial counsel investigated and presented the evidence, there is a reasonable probability that the jury would have found Robinson not guilty.

65. Robinson exhausted this claim in the state courts.

66. If, however, the State raises the affirmative defense of procedural default as to this claim, Robinson will be able show an exception to the doctrine of procedural default.

67. If this claim is subject to AEDPA standards, the state court's adjudication of the claim was contrary to or an unreasonable application of clearly established law. 28 U.S.C. § 2254(d)(1). It was also based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2).

68. The error was not harmless.

## EXHAUSTION OF STATE COURT REMEDIES

69. Robinson has either fairly presented and properly exhausted all available state court remedies as to the claims presently raised in this petition, or he will be able to establish an exception so that any claim that the Court deems to have been procedurally default may be heard on the merits in this proceeding.

## RELIEF REQUESTED

Petitioner respectfully requests:

1. That leave to amend be given, if requested;

2. That discovery be granted, if requested;

3. That an evidentiary be held to resolve any material issues of fact;

4. That the Court grant any other interim relief it deems necessary; and

5. That this Court issue the Writ to Respondent ordering him to release Petitioner from custody if he is not re-tried within a reasonable time set by the Court.

I verify under penalty of perjury pursuant to the laws of the United States that the foregoing it true and correct. I further verify under penalty of perjury that I am a person authorized to sign this Petition for the petitioner under 28 U.S.C. § 2242. Mr. Robinson's personal verification is forthcoming and will be filed upon receipt.

EXECUTED on this 18th day of December 2024.

_____
Craig H. Durham
Attorney for Petitioner