UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENDRICK DEWAYNE ROBINSON,<br><br>     Petitioner,<br><br> v.<br><br>JOSH TEWALT, Director of the Idaho Department of Correction,<br><br>     Respondent. | Case No. 1:24-cv-00614-DKG<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Kendrick Dewayne Robinson, through counsel, has filed a Petition for Writ of Habeas Corpus challenging his state court conviction for trafficking in methamphetamine. *See Pet.*, Dkt. 1. The Court is required to review every habeas corpus petition upon receipt to determine whether it should be served upon the respondent, amended, or dismissed. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

### REVIEW OF PETITION

  Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The instant Petition asserts two claims asserting violations of the Sixth Amendment. Claim I alleges that Robinson's trial counsel rendered ineffective assistance in failing "to investigate and present evidence in support of the suppression motion that would have (a) established Robinson's standing to challenge the search of the car he was driving, and (b) would have impeached Officer Boyd's claim that he could smell marijuana." *Pet*. at 8.

Claim II asserts ineffective of trial counsel based on counsel's failure "to investigate and present evidence to show: (a) that Robinson's brother authorized him to drive the rental car; (b) that Robinson was speaking to a friend when he was pulled over (to rebut the implication that he was talking to a drug connection); (c) that Robinson had actually withdrawn money from his bank account as he claimed; and (d) that he had casino cards, which would support that he was headed to Las Vegas to gamble." *Id*. at 11.

Robinson contends that his claims were properly exhausted in state court or are subject to an excuse for failure to properly exhaust. *Id*. at 10, 12.

Robinson's constitutional claims are colorable. Therefore, the Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L.

       LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

3. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's

answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

6. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

DATED: January 28, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge